IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SWOOP SEARCH, LLC,

                    Plaintiff,                    OPINION AND ORDER

     v.

                                             21-cv-417-wmc

SWEAT EQUITY PARTNERS,
LLC, TURBINEONE, LLC,
MATTHEW AMACKER.

                    Defendants.

---

Plaintiff Swoop Search, LLC ("Swoop") filed this federal action against defendants on June 25, 2021, alleging misappropriation of trade secrets and multiple state law claims. Swoop contracted with defendant Sweat Equity Partners ("SEP") to embed certain of SEP's engineers into its operations to help Swoop develop technology. In return, SEP was to receive an equity interest in Swoop. One of the SEP employees embedded with Swoop is defendant Matthew Amacker, who later co-founded defendant TurbineOne, LLC, which allegedly now competes with Swoop for business.

After SEP moved to dismiss this case (dkt. #15), the court became aware of a mirror-image case involving SEP and Swoop already proceeding in California state court. *See Sweat Equity Partners, LLC v. Swoop Search, LLC, et al.*, Case No. CGC-21-591702 (the "California case"). Given that the California case was filed first, deals with substantially overlapping, though not identical, parties, facts and legal claims, has already proceeded to discovery, and will likely decide issues that could control in whole or at least in part, the court then directed both parties to address whether a stay of proceedings here should be entered

pending further developments in the California case. Having considered those briefs, the court finds a stay is appropriate as set forth below.

Specifically, in this federal lawsuit, Swoop claims that embedded SEP workers, including Amacker, misappropriated its trade secrets, used the information to create the nearly-identical company, TurbineOne, and now competes with Swoop. (Compl. (dkt. #1) ¶¶ 23, 53-54.) The mirror image case filed by SEP in California on May 8, 2021, claims Swoop fraudulently induced SEP into contracting for services in return for equity by misrepresenting that Swoop already possessed valuable and functional software that the two companies could improve upon together. (Compl. (dkt. #1, CG-21-591702) ¶4.)

In opposing a stay, plaintiff Swoop rightly points out that "only a 'small class of cases'" will be sufficiently parallel in exceptional circumstances to justify a federal court awaiting "'the outcome of parallel proceedings in the state courts.'" (Pl.'s Br. (dkt. #28) 3 (*Schneider Nat. Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990) (quoting *Colorado River Water Conservation Distr. v. United States*, 424 U.S. 800 (1976).) However, as Swoop acknowledges, "[t]wo suits are 'parallel' . . . where 'substantially the same parties are contemporaneously litigating substantially the same issues." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011) (quoting *Tyrer v. City of South Beloit*, 456 F.3d 744, 758 (7th Cir. 2006)). This is just such a case.

While the claims asserted by the parties in these two cases are not identical, the principal litigants are the same and at the heart of both cases is the question of whether Swoop actually had valuable technology and trade secrets. A complicating factor is that SEP expressly asserts claims arising out of the principal parties' Engagement and Profits

Interest Agreements in the California case. (Rice Decl. (dkt. #17, Ex. A) ¶ 91.) Meanwhile, Swoop asserts claims under that same Engagement Agreement and the parties' related Confidentiality Agreement in this federal case. (Compl. (dkt. #1) ¶¶ 82, 97.) Moreover, Swoop represents that it "cannot" assert claims relating to the parties' Confidentiality Agreement in the California suit given its unique forum selection clause, designating Wisconsin courts as the only forum in which claims arising under that agreement may be resolved. (Resp. (dkt. #28) 1.)

Of course, the parties could waive this forum requirement, and defendants seem willing to allow plaintiffs to add their confidentiality claims to the California case. (Def. Resp. (dkt. #29) 4.) Ideally, therefore, the parties would agree to proceed on this basis and petition the California court to add Swoop's counterclaims, including those under the Confidentiality Agreement, as that would seem the best way to address legitimate concerns about potential inconsistent verdicts and preserve judicial resources. Of course, if defendants do not agree to an expansion of that lawsuit, or an amendment to add plaintiff's claims is not accepted by the California court, this court will be obliged to address the real risk of inconsistent results should the California case and this case continue on parallel tracks, particularly with respect to the nearly identical claims under the Engagement Agreement and with respect to the alleged underlying technology and trade secrets. Given that this later-filed, federal case appears to be lagging, therefore, the court will stay further proceedings pending action in the California case. Should all claims not be taken up in the California case through no fault of plaintiff Swoop, this court will reassess whether to lift its stay. In the meantime, the parties should operate on the assumption that all

discovery and proceedings occurring in the California case will apply with equal force in this case.

ORDER

IT IS ORDERED that this case is STAYED pending further proceedings in California Court Case No. CGC-21-591702. Parties shall update the court every 3 months as to the status of CGC-21-591702, with the first update to be filed on March 17, 2022. The parties shall also notify the court immediately should defendants in this case refuse to join in plaintiff Swoop's request to proceed with all its claims in the California case, should the California court refuse such an amendment, or upon any settlement or entry of final judgement in that case.

Entered this 17th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge